NUMBER 13-09-00534-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


RICHARD P. HILL, Appellant,


v.


TERRI LYNN HILL, Appellee.

 




On appeal from the 389th District Court of 


Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 By a single issue, appellant, Richard P. Hill, complains that the trial court's "Order
in Suit to Modify Parent-Child Relationship" (the "Modification Order") failed to strictly
conform to the Rule 11 "Memorandum of Agreement" which settled the dispute between 
the parties. We affirm.




I. Background

 Appellant and appellee, Terri Lynn Hill, were divorced in 2002. In 2007, appellant
filed a "Motion to Modify Support." Appellee answered and filed a "Cross-Motion to Modify
Parent-Child Relationship." In June 2008, the parties mediated the issues, settled their
dispute, and executed a "Memorandum of Agreement" setting forth the terms of the
settlement. 

 In November 2008, appellant submitted a "Motion for Entry of Modification Order,"
with a proposed "Modification Order." Appellee also filed a "Motion to Sign Order in Suit
to Modify Parent-Child Relationship," with a proposed order attached. On August 24,
2009, the trial court signed the "Modification Order." 

II. Discussion 


 Appellant complains that the original divorce decree contained a provision restricting
the establishment of the children's residence to Hidalgo County or an adjacent county, but
the "Modification Order" contains no such restriction. Specifically, appellant complains that
the "Modification Order": (1) finds appellee is the "parent who has the primary physical
possession of the children," but does not limit appellee's possession geographically; and
(2) states appellee "has the exclusive right to determine the primary residence of the
children," but does not contain any geographical restriction.

 Appellee responds that the geographical restriction for the children's primary
residence was not discussed at mediation and the "Memorandum of Agreement" did not
include any modification or removal of the geographical restriction. Appellee argues that
the geographical restriction remains in full force and effect because: (1) it was not an issue
at mediation; (2) it was not included in the "Modification Order"; and (3) the "Modification
Order" specifically provides that "[a]ll other terms of the prior orders not specifically
modified in this order shall remain in full force and effect."

 In support of his argument, appellant cites this Court's opinion in Sanchez v.
Sanchez for the general proposition that "[a] final judgment rendered upon a settlement
agreement must be in strict and literal compliance with the agreement." (1) In Sanchez, this
Court found that the judgment was not "in strict or literal compliance" with the terms of the
parties' settlement agreement because it "did not include all that the parties had agreed
to," "improperly removed or modified material terms" of the agreement, and thereby
"undermined the intent of the parties." (2) 

 We find appellant's reliance on Sanchez to be misplaced. In the present case, 
there is no indication that the "Modification Order" failed to include all that the parties
agreed to, improperly modified material terms, or undermined the intent of the parties. The
"Memorandum of Agreement" reflects that the parties modified their decree in three areas:
(1) child support; (2) visitation; and (3) psychological care. Because the "Memorandum of
Agreement" does not mention the geographical restriction on the establishment of the
children's residence, it is a term "not specifically modified" in the "Modification Order" and,
therefore, the geographical restriction "remain[s] in full force and effect." (3) 




III. Conclusion 

 We hold that the trial court did not err when it signed the "Modification Order." We
overrule appellant's sole issue and affirm the trial court's judgment.







Delivered and filed the

19th day of August, 2010.















 
1. Sanchez v. Sanchez, No. 13-07-207-CV, 2008 Tex. App. LEXIS 6867, at **2-3 (Tex. App.-Corpus
Christi Aug. 28, 2008, no pet.) (mem. op.). 
2. Id. at **8-9.
3. We also note that at a show cause hearing on August 24, 2009, appellee's counsel advised the trial
court that the geographical restriction "wasn't something we mediated," "wasn't something we changed," and
that "[t]he order is very clear on the second to the last page that if you didn't change it, the divorce decree
remains in effect." In response to the trial court's question, appellant's counsel conceded that the
geographical restriction was not discussed at the mediation.